IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES R. WALKER,

    Petitioner,                    No. CIV S-05-1563 GEB PAN P

    vs.

T. SCHWARTZ,

    Respondent.               ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 22, 2005, petitioner filed a motion for leave to proceed in forma pauperis.[1] Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the motion for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        On March 6, 2006, petitioner filed a document styled "Motion to Reconsider Motion for the Appointment of Counsel . . . " By this motion, petitioner again seeks appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice

---

[1] Court records reflect that petitioner paid the $5.00 filing fee for this action shortly after it was filed.

so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Petitioner's motion will therefore be denied.

Finally, on March 6, 2006, petitioner filed a motion for an extension of time to file an amended petition and a motion for leave to file an amended petition. The latter motion is not accompanied by a proposed amended petition. The court construes petitioner's motion for extension of time as a motion to stay these proceedings pending preparation of a motion to amend his petition and a proposed amended petition. So construed, the court finds no basis in the record to stay this action at this time. Petitioner's motion for extension of time will therefore be denied.

Without a proposed amended petition, the court is unable to determine whether petitioner should be granted leave to amend his petition. The motion to amend will therefore be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner November 22, 2005 motion for leave to proceed in forma pauperis is granted;

2. Petitioner's March 6, 2006 motion for reconsideration of appointment of counsel is denied;

3. Petitioner's March 6, 2006 motion for an extension of time to file an amended petition is construed as a motion to stay these proceedings and, so construed, is denied; and

4. Petitioner's March 6, 2006 motion to amend is denied without prejudice.

DATED: April 24, 2006.

UNITED STATES MAGISTRATE JUDGE

12;walk1563.o